499 S.E.2d 589

John Edward WATKINS, s/k/a John Edward
Watkins, Sr., Appellant,

v.

COMMONWEALTH of Virginia, Appellee.

Record No. 0936–96–3.

Court of Appeals of Virginia.

June 2, 1998.

James Hingeley, Public Defender, for appellant.

Richard B. Smith, Assistant Attorney General (Richard Cullen, Attorney General, on briefs), for appellee.

Present: FITZPATRICK, C.J., and BAKER, BENTON, COLEMAN, WILLIS, ELDER, BRAY, ANNUNZIATA, OVERTON and BUMGARDNER, JJ.

## UPON A REHEARING EN BANC

By opinion dated October 14, 1997, a panel of this Court reversed the conviction of John Edward Watkins for feloniously operating a motor vehicle after having been adjudicated an habitual offender. The Commonwealth's petition for rehearing *en banc* was granted and heard on April 23, 1998. Upon rehearing, the opinion previously rendered on October 14, 1997 is withdrawn, the mandate entered on that date is vacated and we affirm the conviction.

The panel held that the trial court erred in refusing to compel the Commonwealth to uphold a conditional plea agreement. Upon rehearing, we hold the plea agreement became ineffectual when the district court allowed the Commonwealth to nolle prosequi the charges due to the failure of a witness to appear. "When the trial court enters a nolle prosequi of an indictment, it lays 'to rest that indictment and the underlying warrant without disposition, *as though they had never existed.*'" *Burfoot v. Commonwealth*, 23 Va.App. 38, 44, 473 S.E.2d 724, 727 (1996) (quoting *Arnold v. Common-*

*wealth,* 18 Va.App. 218, 222, 443 S.E.2d 183, 185, *aff'd en banc,* 19 Va.App. 143, 450 S.E.2d 161 (1994)). "After a nolle prosequi of an indictment, the slate is wiped clean, and the situation is the same as if 'the Commonwealth had chosen to make no charge.' " *Id.*

■ The entry of the nolle prosequi terminated the original charges, as well as Watkins' conditional plea agreement, as if they had never existed. When the Commonwealth subsequently brought a new indictment, it was "a new charge, distinct from the original charge or indictment." *Arnold,* 18 Va.App. at 221, 443 S.E.2d at 185. Therefore, the Commonwealth was not bound by the prior plea agreement, and the said conviction is affirmed. Appellant's conviction of driving while intoxicated remains unchanged.

For the reasons stated in the panel's opinion, *see Watkins v. Commonwealth,* 25 Va.App. 646, 491 S.E.2d 755 (1997), Judges Benton and Annunziata would reverse the conviction.

The Commonwealth shall recover of the appellant the costs in this Court, which costs shall include a fee of $925 for services rendered by the Public Defender on this appeal, in addition to counsel's necessary direct out-of-pocket expenses, and the costs in the trial court.

This order shall be published and certified to the trial court.